

FILED

Feb 24 2017, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Stephen Miller
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Keyshawn D. Sanders,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 24, 2017<br><br>Court of Appeals Case No.<br>02A04-1608-CR-1903<br><br>Appeal from the Allen Superior<br>Court<br><br>The Honorable Frances C. Gull,<br>Judge<br><br>Trial Court Cause No.<br>02D05-1602-F3-19 |

**Najam, Judge.**

## Statement of the Case

Keyshawn D. Sanders appeals his sentence after he pleaded guilty to dealing in a narcotic drug, as a Level 3 felony, and possession of marijuana, as a Class B

misdemeanor. He purports to raise one issue for our review but actually raises the following two issues:

1. Whether the trial court abused its discretion in failing to find his youth to be a mitigating factor.

2. Whether his sentence is inappropriate in light of the nature of his offenses and his character.

[2] We hold that the trial court did not abuse its discretion in Sanders' sentencing. And, because Sanders has failed to present authority or analysis with respect to whether his sentence is inappropriate in light of the nature of his offenses, we hold that he has waived appellate review of the inappropriateness of his sentence. However, his waiver notwithstanding, Sanders has failed to persuade us that his sentence is inappropriate. Accordingly, we affirm.

## Facts and Procedural History

[3] On February 25, 2016, the State charged Sanders with Level 3 felony dealing in cocaine and Class B misdemeanor possession of marijuana. Sanders subsequently pleaded guilty to both of those charges. Pursuant to his plea agreement, the trial court ordered Sanders to enter into a drug court participation agreement. That agreement included various requirements that Sanders would have to meet during the term of the drug court program and provided that, if Sanders completed those requirements successfully, the State would dismiss the underlying charges against him. However, Sanders' noncompliance with the conditions of the drug court program would result in a

petition to terminate his participation and subject him to sentencing for the underlying offenses.

[4] Within one month of entering the drug court program, Sanders was dismissed from a transitional living house for failing to comply with its rules and regulations. He also failed to attend another program that he had been instructed to attend. As a result of those violations, the State filed a petition to terminate his drug court participation, and Sanders admitted to the State's ensuing allegations that he had violated his participation agreement. As such, the trial court revoked Sanders' participation in the drug court program and set the matter for sentencing on the underlying offenses.

[5] At the time of sentencing, Sanders was twenty years old. The presentence investigation report informed the trial court that Sanders' first encounter with the criminal justice system occurred with a juvenile adjudication for possession of marijuana, as a Class A misdemeanor if committed by an adult, in February 2012. The juvenile court placed Sanders on informal adjustment for six months, and, after that time had elapsed, he was discharged from probation unsuccessfully. During the pendency of that informal adjustment, the juvenile court again adjudicated Sanders a delinquent for possession of marijuana, as a Class A misdemeanor if committed by an adult, in July 2012. In April 2013, the court found Sanders to be a delinquent for committing possession of marijuana, which would have been a felony for an adult, and criminal conversion, which would have been a Class A misdemeanor, and the court placed him on probation. In July 2013, the court modified his placement from

probation to electronic monitoring. In January 2014, the court again modified his placement and sent Sanders to the Allen County Juvenile Center. In September 2014, Sanders received his first adult convictions, which were two counts of possession of marijuana, one as a Class B misdemeanor and one as a Class A misdemeanor. The trial court placed Sanders on probation for a year as a result of one of those convictions, and the court revoked his probation in June 2015.

[6] In the instant case, the presentence investigation report also stated that, when Sanders was asked, he "admitted to his case manager that he does not have a substance abuse problem and that he [stated that] . . . he did [have a drug problem] during his assessment so that he could get Drug Court. He report[ed] that he was only giving partial effort on the program and report[ed] doing the minimum in an effort to get by." Appellant's App. Vol. II at 52. In his testimony at sentencing, Sanders denied trying to manipulate the trial court and stated: "I do have a drug problem. I wouldn't say I'm addicted to drugs. I know I can go without using drugs and I took drug court to help me with the little drug problem I do have." Sent. Tr. at 10. The trial court sentenced Sanders to the advisory sentence of nine years for his Level 3 felony conviction, and it suspended three of those years to probation. The court ordered Sanders to serve a concurrent six-month sentence for his misdemeanor conviction. This appeal ensued.

# Discussion and Decision

## *Issue One: Abuse of Discretion in Sentencing*

[7] Sanders asserts that the trial court abused its discretion when it failed to find his youth to be a mitigating factor.

> Sentencing decisions rest within the sound discretion of the trial court and we review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions drawn therefrom. *Id*. We review for an abuse of discretion the court's finding of aggravators and mitigators to justify a sentence, but we cannot review the relative weight assigned to those factors. *Id*. at 490-491. When reviewing the aggravating and mitigating circumstances identified by the trial court in its sentencing statement, we will remand only if "the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record, and advanced for consideration, or the reasons given are improper as a matter of law." *Id*.

*Baumholser v. State*, 62 N.E.3d 411, 416 (Ind. Ct. App. 2016), *not yet certified*.

[8] As this court has noted previously, "youth is not automatically a significant mitigating circumstance." *Smith v. State*, 872 N.E.2d 169, 178 (Ind. Ct. App. 2007), *trans. denied*. Rather, whether a defendant's youth is a significant mitigating factor is within the trial court's discretion. *Id.* Moreover, if the trial court does not find youth to be a mitigator, it is under no obligation to explain its reasoning. *Id.* Here, as in *Smith*, the trial court did not overlook the

defendant's youth but specifically acknowledged it and chose not to find it as a mitigating circumstance. "'This was the trial court's call,'" *id*. (quoting *Anglemyer*, 868 N.E.2d at 493), and Sanders points to no evidence that would lead us to believe the trial court's failure to find youth as a mitigating factor was an abuse of the trial court's discretion.[1]

### Issue Two: Inappropriateness of Sentence

*Waiver*

On appeal, Sanders asserts that his nine-year aggregate sentence is inappropriate. Sanders states his issue on appeal as "[w]hether the advisory sentence is inappropriate considering the nature of his offenses and his character." Appellant's Br. at 4. However, he presents no authority or argument on the nature of his offense. Instead, he focuses solely on the nature of his character.

Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." *Roush v. State*, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). *Id*. Revision of a sentence under Rule 7(B) requires the appellant to demonstrate

---

[1] To the extent Sanders asserts that the trial court abused its discretion in the weight it gave to the aggravating circumstance of his criminal history and the mitigating circumstances of his guilty plea and his remorse for his crime, his assertion is not well taken. A sentencing court cannot abuse its discretion by failing to properly weigh aggravating and mitigating factors. *Anglemyer*, 868 N.E.2d at 490.

that his sentence is "inappropriate in light of the nature of the offense *and* the character of the offender." Ind. Appellate Rule 7(B) (emphasis added). That language is clear: Rule 7(B) plainly requires, as this court has long acknowledged, "the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of the offenses and his character." *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (emphasis original to *Williams* ); *see also Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*; *cf. Baumholser*, 62 N.E.3d at 418 ("We find nothing in Baumholser's character, beyond the current convictions, to be deplorable. However, to obtain relief, Baumholser must demonstrate the sentence is inappropriate in light of *both* the nature of the offense and his character.") (emphasis in original). Because Sanders has failed to present any authority or analysis on the issue of the nature of his offenses, he has waived our review of the inappropriateness of his sentence.

*Waiver Notwithstanding*

[11] Waiver notwithstanding, Sanders has failed to persuade us that his nine-year sentence is inappropriate. As stated above, the trial court sentenced Sanders to the advisory term of nine years for his Level 3 felony offense. The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *See Carter v. State*, 31 N.E.3d 17, 32 (Ind. Ct. App. 2015), *trans. denied*. We also assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. *Gibson v. State*, 856 N.E.2d

142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Roush*, 875 N.E.2d at 812 (alteration original).

[12] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[13] Here, aside from providing no evidence or argument concerning the nature of his offense, Sanders has not shown that the sentence was inappropriate in light of his character. "When considering the character of the offender, one relevant fact is the defendant's criminal history," and "[t]he significance of criminal history varies based on the gravity, nature, and number of prior offenses in

relation to the current offense." *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied*. Moreover, the trial court may consider not only the defendant's adult criminal history but also his juvenile delinquency record in determining whether his criminal history is significant. *E.g.*, *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007).

[14] At sentencing, Sanders was twenty years old with true delinquency adjudications for what would have been three Class A misdemeanors and one felony if committed by an adult. The juvenile court placed him under its supervision in two of those cases and discharged him unsuccessfully in one. The court modified his placement to increasingly confining placements twice in the other. As an adult, he had accrued two misdemeanor convictions, one Class A and one Class B. He was placed on probation as a result of one of those convictions, and the court later revoked that probation. Sanders' significant juvenile and criminal history reflects poorly on his character.

[15] Moreover, Sanders' attempted manipulation of the trial court and disregard for the opportunity that the drug court afforded him also reflect poorly on his character. *See, e.g.*, *Phelps v. State*, 969 N.E.2d 1009, 1021 (Ind. Ct. App. 2012) (stating that the defendant's refusal to take advantage of rehabilitative efforts offered to him reflected poorly on his character), *trans. denied*. When asked about his lack of progress in drug court, Sanders admitted to a case manager that he never took the requirements of the drug court agreement seriously and that he had claimed to have a drug problem so that he could be offered the opportunity of the drug court. And his lack of effort in that program is evident

from the fact that he violated the drug court agreement within one month of entering into it. While at sentencing he attempted to disclaim any attempt at manipulation, the trial court was not required to give credit to his self-serving justifications at the very moment when sentencing was imminent. Given Sanders' juvenile and adult criminal history and his refusal to take advantage of the rehabilitative services offered by drug court, we cannot say his sentence is inappropriate.[2] As such, we affirm Sanders' sentence.

[16] Affirmed.

Bailey, J., and May, J., concur.

---

[2] Sanders also contends that the sentence imposed by the trial court was inappropriate because serving four and a half to six years in the Department of Correction may foreclose his future opportunities and harm his life situation, while a lesser sentence could allow him to "provide for his dependents" and "accept full responsibility for his life and his actions." Appellant's Br. at 11. However, as noted above, the question under Rule 7(B) is not whether another sentence is more appropriate but, rather, whether the sentence imposed is inappropriate. *King*, 894 N.E.2d at 268.