## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 29 2017, 11:27 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Lee Campbell,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 29, 2017<br><br>Court of Appeals Case No.<br>03A04-1705-CR-1054<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>Trial Court Cause No.<br>03C01-1610-F6-5903 |

**Pyle, Judge.**

# Statement of the Case

Michael L. Campbell ("Campbell") appeals his sentence, which was imposed following his guilty plea to Level 6 felony theft.[1]  He argues that his sentence was inappropriate under Indiana Appellate Rule 7(B) in light of the nature of his offense and his character.  We conclude that his sentence was not inappropriate and affirm the trial court.

We affirm.

# Issue

> Whether Campbell's sentence was inappropriate in light of the nature of his offense and his character.

# Facts

On October 28, 2016, the State charged Campbell with theft, which was elevated to a Level 6 felony based on Campbell's prior unrelated conviction for theft.  Two weeks later, the State charged him with another Level 6 felony theft charge in another cause.  On March 6, 2017, Campbell pled guilty to Level 6 felony theft in the instant cause in exchange for the State's dismissal of the other charge against him.  The plea agreement left sentencing to the discretion of the trial court.

---

[1] IND. CODE § 35-43-4-2.

[4]     The trial court held a sentencing hearing on April 13, 2017. During the hearing, Campbell admitted that he had stolen two Dyson Ball vacuum cleaners from Wal-Mart, which he had hoped to sell for half price to get money for drugs. He testified that he had been a heroin addict since he was eighteen years old and had many previous convictions for theft because he kept stealing to finance his drug addiction. He requested that the trial court impose a sentence that would allow him to receive drug addiction treatment and have a slow transition back to living on his own.

[5]     The State introduced Campbell's pre-sentence investigation report ("PSI"), which indicated that Campbell had been convicted of forty-seven offenses since 1992—the equivalent of almost two convictions per year—and had been placed on probation twenty-six times. The trial court counted sixty probation violations in Campbell's PSI, but Campbell argued that there had been only nine separate petitions to revoke his probation. The trial court agreed that it was not clear how many times Campbell had violated probation because some of the violations listed in the PSI might have only been status hearings. Nevertheless, the trial court concluded that, at a minimum, Campbell had violated probation "numerous times." (Tr. Vol. 2 at 24).

[6]     With respect to Campbell's request to receive drug treatment, Campbell acknowledged that he had received an opportunity for drug treatment in 2007 and had failed to successfully complete that treatment. He also admitted that he had been placed in a treatment program in June 2012 and been terminated from that program in February 2014. He testified that the reason for his

termination was that he had missed a therapy appointment. However, he also admitted that he had been charged with four new offenses during his time in the program, although he claimed those offenses were not the reason for his termination. The offenses were one count of trespass, two counts of driving with a suspended license, and one count of theft.

[7] Also at the sentencing hearing, Campbell admitted that he had a lifetime ban from Wal-Mart and had attempted to steal a toy there in front of his three-year-old child. He acknowledged that, in spite of the ban, Wal-Mart had "cut [him] plenty of breaks" over the years by not calling the police when Wal-Mart employees caught him stealing. (Tr. Vol. 2 at 20).

[8] At the conclusion of the hearing, the trial court sentenced Campbell to two and one half (2½) years executed in the Department of Correction. The court found that Campbell's criminal history, which included thirty-four misdemeanor convictions and thirteen felony convictions, was an aggravating factor, as was the fact that he had been terminated from probation at least five times. The court noted that fourteen of Campbell's previous convictions were for theft, the same offense he was convicted of here. The court also noted that Campbell had previously been offered treatment, and could have pursued treatment on his own, but he had not successfully completed treatment. The trial court did not find any mitigating circumstances. Instead, the court concluded: "The community needs to be protected from you for the maximum time of [sic] that can be gained because you're right, every time you go out, you just go steal again." (Tr. 29). Campbell now appeals.

# Decision

On appeal, Campbell argues that his sentence was inappropriate in light of the nature of his offense and his character.

We may revise a sentence under Appellate Rule 7(B) if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*. Whether a sentence is inappropriate ultimately turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224.

When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Campbell was convicted of a Level 6 felony, which carries a sentencing range of

six (6) months to two and one-half (2½) years, with an advisory sentence of one (1) year. Accordingly, Campbell received the maximum sentence possible for his Level 6 felony conviction.

[12] Our review of the nature of Campbell's offense reveals that he stole two vacuum cleaners from Walmart totaling $329.02. He argues that the amount he stole was not egregious because the threshold amount to be charged with a Level 6 felony is seven hundred fifty dollars ($750). *See* I.C. § 35-43-4-2(a)(1). However, he was charged with a Level 6 felony because he had a "prior unrelated conviction" for theft, so the level of his offense was not dependent on the amount of merchandise he stole. *See id.*

[13] Regardless of the nature of Campbell's offense, we conclude that his sentence was not inappropriate in light of his character. *See Sanders v. State*, 71 N.E.3d 839, 843 (Ind. Ct. App. 2017) (noting that Rule 7(B) "plainly requires" that the appellant demonstrate that his sentence in inappropriate in light of "*both* the nature of the offense[] and his character") (emphasis in original), *trans. denied*. As the trial court summarized, Campbell has forty-seven prior convictions, including fourteen convictions for theft, which is the same offense as his underlying conviction in the instant cause. He has stolen from Wal-Mart so many times that he has a lifetime ban from Wal-Mart. Additionally, he admits that his convictions do not reflect all the times that he has committed theft as Wal-Mart has "cut [him] plenty of breaks" over the years by not calling the police when he has been caught stealing. (Tr. Vol. 2 at 20). This egregious criminal history demonstrates that Campbell has no respect for the law or for

others' property. Likewise, he has multiple convictions for escape and failure to return to lawful detention, which also demonstrate his lack of respect for the law.

[14] Campbell acknowledges that he has a significant criminal history but argues that his sentence should be rehabilitative rather than punitive and, thus, the trial court should have sentenced him to community corrections so that he could receive drug addiction treatment and transition slowly back to the community. We are not persuaded by this argument as Campbell was offered drug abuse treatment in the past and did not take advantage of those treatment opportunities. Instead, he has been terminated from every drug treatment program in which he has participated. Further, we have long held that "[p]lacement on probation or in a community corrections program is a matter of grace and not a right." *Johnson v. State*, 62 N.E.3d 1224, 1229 (Ind. Ct. App. 2016). The trial court has granted Campbell leniency and placed him on probation twenty-six times in the past. Campbell's repeated violations of those placements on probation indicate that further leniency is not likely to cause him to reform.

[15] In light of the above factors regarding the nature of Campbell's offense and his character, we conclude that his sentence was not inappropriate.

[16] Affirmed.

Riley, J., and Robb, J., concur.