## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2018, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Melissa J. Haley
Boonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Osiel Marroquin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 17, 2018

Court of Appeals Case No.
87A01-1709-CR-2192

Appeal from the
Warrick Superior Court

The Honorable
Robert R. Aylsworth, Judge

Trial Court Cause No.
87D02-1612-F4-571

**Kirsch, Judge.**

[1]     Osiel Marroquin ("Marroquin") pleaded guilty in open court to one Level 4 felony, three Level 5 felonies, one Level 6 felony, and a Class A misdemeanor.

All of those convictions arose from his drunken driving accident that killed fifteen-year-old S.R. and caused permanent brain damage to her eighteen-year-old friend, Megan Ripperdan ("Ripperdan"). The trial court entered judgment on only three of Marroquin's convictions, noting that the other three were lesser-included offenses, and ordered Marroquin to serve an aggregate executed sentence of ten years in the Indiana Department of Correction ("DOC"). Marroquin appeals, contending that his sentence is inappropriate in light of the nature of the offense and his character.

[2] We affirm.

## Facts and Procedural History

[3] On December 17, 2016, Marroquin was heavily intoxicated as he drove his SUV westbound in the eastbound lanes of State Road 62 ("SR 62"), which was a four-lane highway. Meanwhile, Casie Mathies ("Mathies") was driving eastbound in the right lane of State Road 62 when she saw Marroquin drive past her in the opposite direction in the left lane, prompting her to call 911. Before officers could respond, Marroquin crashed into a car, which was driven by Whitney Winstead ("Winstead") and carrying passengers S.R. and Ripperdan.

[4] When law enforcement officers arrived on the scene, Winstead was coherent and able to speak, but did not remember the accident. Marroquin was similarly alert and able to respond. S.R., who was riding in the front seat of Winstead's car, was unresponsive and did not have a pulse. Ripperdan was lying across the

back seat of Winstead's car. She was breathing, but was not coherent and began vomiting. Once extracted from the vehicles, emergency crews transported the four individuals to the hospital where S.R. was pronounced dead. Winstead's injuries caused pain to her face, mouth, right elbow, and knee, while Ripperdan had serious internal bleeding and a large amount of swelling to her brain. A blood draw and resulting toxicology test revealed that Marroquin had a .232 blood alcohol content ("BAC").

[5] Between December 20 and December 22, 2016, the State charged Marroquin with the following six counts: Count 1, Level 5 felony reckless homicide of S.R.;[1] Count 2, Level 5 felony causing S.R.'s death when operating a motor vehicle with at least a .08 BAC;[2] Count 3, Level 5 felony causing S.R.'s death when operating a motor vehicle while intoxicated;[3] Count 4, Level 6 felony causing Ripperdan serious bodily injury when operating a motor vehicle with at least a .08 BAC;[4] Count 5, Class A misdemeanor endangering Mathies when operating a motor vehicle while intoxicated;[5] and Count 6, Level 4 felony causing S.R.'s death when operating a motor vehicle while intoxicated with a prior operating while intoxicated conviction.[6] On July 21, 2017, Marroquin

---

[1] *See* Ind. Code § 35-42-1-5.

[2] *See* Ind. Code § 9-30-5-5(a)(1).

[3] *See* Ind. Code § 9-30-5-5(a)(3).

[4] *See* Ind. Code § 9-30-5-4(a)(1).

[5] *See* Ind. Code § 9-30-5-2(a), (b).

[6] *See* Ind. Code § 9-30-5-5(a)(3), (b)(1).

pleaded guilty to all counts pursuant to an open plea agreement. The trial court accepted Marroquin's guilty plea and entered judgment of conviction only as to Counts 4, 5, and 6, noting that Counts 1, 2, and 3 were lesser-included offenses of Count 6. *Appellant's App. Vol. II* at 54-55.

[6] At an August 24, 2017 sentencing hearing, S.R.'s mother read a letter in which she related to the trial court the significance of S.R.'s life, the pain of losing S.R. when she was just fifteen years old, and the challenges of S.R.'s eighteen-year-old friend, Ripperdan, who "suffered a traumatic brain injury that will forever affect her life as well as those that love her." *Tr. Vol. II* at 8. During the hearing, Marroquin admitted that, on the night in question, he knew he was drunk and called a friend to pick him up, but when that friend did not arrive, Marroquin decided to drive himself home despite his highly intoxicated state. *Id*. at 13. The trial court found mitigating factors in Marroquin's admission of guilt and relatively law-abiding life. *Id*. at 19. The trial court also took into consideration "the notice of the risk assessment prepared in the presentence investigation and report," which placed Marroquin in "the LOW risk category to reoffend." *Id.* at 19; *Appellant's App. Vol. II* at 63-64.

[7] The trial court, however, found those mitigating factors were outweighed by the following aggravating factors:

> [Marroquin] recently violated the conditions of any probation[;] an active bench warrant exists from Florida for his arrest at this time[; and]. . . . Marroquin has been in the United States unlawfully since apparently he was nine years of age. Or for an

> extended period of time. Obviously if he was not in this country, the incident would not have occurred on December 17, 2016.

*Tr. Vol. II* at 18-19. Noting that no judgment of conviction was entered on Counts 1, 2 or 3, the trial sentenced Marroquin on the three remaining convictions. As to Count 6, Level 4 felony operating a motor vehicle while intoxicated causing death with a prior conviction, the trial court ordered Marroquin to serve ten years in the DOC. The trial court also sentenced Marroquin to serve one year each for his convictions on Count 5 (Class A misdemeanor operating a motor vehicle while intoxicated endangering a person) and Count 4 (Level 6 felony operating a motor vehicle while intoxicated causing serious bodily injury) and ordered those sentences to be served concurrent with Count 6 for an aggregate executed sentence of ten years. Marroquin now appeals his sentence.

## Discussion and Decision

[8] Marroquin asserts that his sentence is inappropriate in light of the nature of the offenses and his character. "The Indiana Constitution authorizes appellate review and revision of a trial court's sentencing decision." *Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018). "This authority is implemented through Indiana Appellate Rule 7(B), which permits an appellate court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender." *Id*. The principal role of such review is to attempt to leaven the outliers. *Id*. (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). "The

burden is on the defendant to persuade the reviewing court that the sentence is inappropriate." *Id*.

[9] "Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment 'should receive considerable deference.'" *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017) (quoting *Cardwell*, 895 N.E.2d at 1222), *trans. denied*. Whether we regard a sentence as inappropriate turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. "The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate." *Sanders*, 71 N.E.3d at 844.

[10] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Id*. Here, Marroquin was sentenced on a Level 4 felony, a Level 6 felony, and a Class A misdemeanor, which reflected S.R.'s death, the serious and permanent brain injuries to Ripperdan, and the danger his driving posed to Mathies. The sentence for a Level 4 felony is a fixed term of between two years and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5. The sentence for a Level 6 felony is a fixed term of between six months and two and one-half years, with the advisory sentence being one year. The sentence for a Class A misdemeanor is a fixed term of not more than one year. Ind. Code § 35-50-3-2. Our court must also assess the trial court's recognition or nonrecognition of aggravators and mitigators as an initial guide to determining whether the

sentence imposed was inappropriate. *Sanders*, 71 N.E.3d at 844. Here, the trial court found the aggravators were greater than the mitigators and sentenced Marroquin to an aggregate sentence of ten years, which was two years less than the maximum sentence for just the Level 4 felony.

[11] Marroquin argues that his sentence is inappropriate in light of the nature of the offense. Specifically, he contends that "[t]here was nothing in the record beyond the baseline elements which would merit moving the sentences off of the starting point for said charges[,] i.e. the advisory sentences." *Appellant's Br.* at 11. We disagree. On the night in question, Marroquin drank to the point where he had a .232 BAC, an amount that is almost three times the legal limit. Marroquin knew that he was too drunk to drive and called to get a ride, but when his friend did not arrive, Marroquin decided to drive himself home despite his highly intoxicated state. *Tr. Vol. II* at 13. Marroquin's actions of driving that night not only killed a fifteen-year-old girl, but also caused her eighteen-year old friend to "suffer[] a traumatic brain injury that will forever affect her life as well as those that love her." *Id.* at 8. We find the punishment for Marroquin's convictions is not inappropriate in light of the nature of the offense.

[12] Marroquin's argument that his sentence is inappropriate in light of his character also fails. While the trial court noted that Marroquin had mostly led a law-abiding life during his time in the United States and that he was at a low risk to reoffend, the trial court also recognized that, at the time of the accident, Marroquin had recently violated the conditions of probation on a prior

conviction and that there was an active bench warrant from Florida for his arrest. Furthermore, the trial court noted that Marroquin had been in the United States unlawfully since he was nine years old and that the accident could not have occurred without his presence in this country. Based on the evidence before the trial court, we cannot say that an aggregate sentence of ten years as punishment for Marroquin's crimes, which left a fifteen-year-old dead and an eighteen-year-old with traumatic brain injury and endangered another driver, is inappropriate in light of Marroquin's character. We conclude that the sentence imposed by the trial court is not inappropriate under Appellate Rule 7(B) and does not warrant appellate revision.

[13] Affirmed.

[14] Baker, J., and Bradford, J., concur.