# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 30 2019, 9:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Kiesler
Kiesler Law Office
New Albany, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Troy D. Jones,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 30, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1511<br><br>Appeal from the Orange Circuit Court<br><br>The Honorable Steven L. Owen, Judge<br><br>Trial Court Cause No.<br>59C01-1512-F3-1113 |

**Najam, Judge.**

## Statement of the Case

Troy D. Jones appeals his sentence after he pleaded guilty to dealing in methamphetamine, as a Level 3 felony. Jones raises a single issue for our review, namely, whether his sixteen-year executed sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## Facts and Procedural History

On December 4, 2015, two officers with the Paoli Police Department investigated a report of attempted shoplifting by four people at the local Walmart. Officers arrested two women and one man, and they, in turn, told the officers that Jones had driven them there. When questioned by the officers, Jones, a habitual traffic violator with a lifetime suspension of his driver's license, initially stated that he had only driven the group a short distance, but he later admitted that he had driven them from Mitchell to the Walmart in Paoli. The officers arrested Jones. At some point, one of the women asked the officers to take care of her dog, which she had left in Jones' car unattended. The officers obliged and, when they got the dog out of Jones' car, they observed in plain view a syringe and a digital scale. Officers then searched the car for additional contraband, and they found approximately five grams of methamphetamine.

The State charged Jones with dealing in methamphetamine, as a Level 3 felony, and possession of methamphetamine, as a Level 5 felony, and they alleged that

Jones was a habitual offender. Thereafter, Jones agreed to plead guilty to the Level 3 felony allegation, and, in exchange, the State agreed to dismiss the other charges. The trial court accepted Jones' guilty plea and, following a hearing, sentenced him as follows:

That the Mitigating Circumstances in this case were:

a) The Defendant entered into blind plea of guilty without the benefit of plea agreement. The Court assigns moderate weight to this factor.

That the Aggravating Circumstances in this case were:

a) The defendant violated the terms and conditions of his probation and pre-trial release. He reoffended in this case while out on bond in 47D01-1507-F5-000789 and has had numerous PTR's in the past that have proven to be unsuccessful. The Court gave great weight to this factor.

b) Lengthy prior criminal history that goes back to the 1990's. Extensive history includes serious offenses, four (4) felonies and Habitual Offender status after acquiring two (2) more felonies totaling 6 felonies in which the Defendant was sentenced to the Indiana Department of Correction[]. The Court finds that the likel[i]hood that the Defendant would reoffend is high. The Court gave . . . great weight to this factor.

That after the Court considers both the aggravating and mitigat[ing] circumstances, the Court finds that the Aggravating Circumstances far outweigh the Mitigating Circumstances in this case, and thus sentences the Defendant as follows:

a) COUNT 1: Dealing in Methamphetamine, a Level 3 felony; 16 years Indiana Department of Correction[], all executed with

credit for 479 days previously served (359 actual and 120 good time credit days). . . .

Appellant's App. Vol. 3 at 17. This appeal ensued.

## Discussion and Decision

[5] Jones asserts on appeal that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This Court has often recognized that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has explained that "[t]he principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived 'correct' result in each case. Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (citations omitted; omission in original).

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime,

the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[7] Indiana Code Section 35-50-2-5 (2019) provides that a person who commits a Level 3 felony shall be imprisoned for a fixed term of between three and sixteen years, with an advisory sentence of nine years. Here, the trial court imposed the maximum sentence of sixteen years executed.

[8] Jones contends that his sentence is inappropriate in light of the nature of the offense because: the State did not prove that he "did in fact deliver" methamphetamine; without evidence of actual dealing, his crime did "not create the immediately dangerous situation that is created by the actual action of dealing in methamphetamine to another individual"; and the amount of methamphetamine in his possession was "only .23 gram[] over the minimum amount of methamphetamine required for a Level 3 felony[.]" Appellant's Br. at 13. And Jones asserts that his sentence is inappropriate in light of his character because: he "took responsibility" for his crime and "expressed sorrow and remorse for his actions"; he has "taken rehabilitative efforts to improve

himself" while incarcerated previously, including obtaining a GED; and he "has attempted treatment several times in the past" in an effort to improve his life and was not "merely 'killing time'" while incarcerated. *Id.* at 13-14. Finally, Jones maintains that his "criminal history demonstrates that he has had longstanding problems with substance abuse" and states that he "needs treatment to try to address his longstanding substance abuse issues." *Id.* at 15-16. Thus, Jones asks that we revise his sentence to sixteen years with nine years executed and seven years suspended to probation.

[9] We cannot say that the trial court's imposition of a sixteen-year executed sentence is inappropriate in light of the nature of the offense and Jones' character. Regarding the nature of the offense, while Jones was not caught *dealing* methamphetamine, officers did find methamphetamine residue on the digital scale they found in his car, which supports a reasonable inference that he had measured methamphetamine for sale. Further, Jones was on probation at the time of the offense, and he drove, despite a lifetime license suspension, three people to Walmart. With regard to his character, Jones' extensive criminal history, as detailed by the trial court and which includes six prior felonies and spans twenty-seven years and numerous prior commitments to the Department of Correction, reflects his poor character. And, again, Jones was on probation at the time of the instant offense. Thus, we cannot say that Jones' sentence is inappropriate under Indiana Appellate Rule 7(B), and we affirm his sentence.

[10] Affirmed.

Bailey, J., and May, J., concur.