## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 28 2019, 6:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott H. Duerring
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Erica S. Mays,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 28, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1157<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Jeffrey L. Sanford,<br>Judge<br><br>Trial Court Cause No.<br>71D03-1704-F6-370<br>71D03-1708-F6-750<br>71D03-1710-F6-988 |

**Najam, Judge.**

# Statement of the Case

Erica S. Mays appeals her aggregate sentence of seven and one-half years following her convictions, across three cause numbers, for two counts of Level 6 felony theft; possession of cocaine, as a Level 6 felony; criminal trespass, as a Class A misdemeanor; false informing, as a Class B misdemeanor; and two counts of Class C misdemeanor possession of paraphernalia. Mays raises a single issue for our review, namely, whether her sentence is inappropriate in light of the nature of the offenses and her character. We affirm.

# Facts and Procedural History[1]

On April 23, 2017, the manager of the Sam's Club in Mishawaka, Lindsey Harris, observed Mays leave the store with two 1.5-liter bottles of liquor without having paid for them. Harris reported the theft to local police officers and gave them surveillance video of the theft. Officers later located Mays with the two liquor bottles at a nearby gas station, and they arrested her. Mays gave the officers several false names while they were attempting to talk to her. Thereafter, in cause number 71D03-1704-F6-370 ("Cause No. F6-370"), the State charged Mays in relevant part with theft, as a Level 6 felony, and false informing, as a Class B misdemeanor.

---

[1] We remind Mays' counsel that Indiana Appellate Rule 50(B)(1)(a) requires the inclusion of each appealed cause number's full chronological case summary in the Appellant's Appendix.

[3] While the State's charges against Mays in Cause No. F6-370 were pending, on August 17, South Bend Police Department officers received a report that Mays, who was wanted on outstanding warrants, was near a local Target department store. Officers located Mays at a gas station near that store, and, while placing her under arrest, they discovered a glass pipe and a baggie of cocaine on her person. Under cause umber 71D01-1708-F6-750 ("Cause No. F6-750"), the State charged Mays with possession of cocaine, as a Level 6 felony, and possession of paraphernalia, as a Class C misdemeanor.

[4] In October, Catherine Wilder, a loss prevention officer at a Meijer store in South Bend, observed Mays enter the store despite no longer being allowed there. Wilder called the police to report that Mays was trespassing. While Wilder was escorting the responding police officer to Mays' location in the store, Wilder observed Mays "quickly dart[]" among some merchandise, "duck[] down," and "remov[e] items from her purse." Tr. Vol. 3 at 78. Wilder recognized the removed items as unpurchased Meijer's merchandise. And, in arresting Mays, the arresting officer discovered a glass pipe in her purse. Under cause number 71D02-1710-F6-988 ("Cause No. F6-988"), the State charged Mays in relevant part with theft, as a Level 6 felony; criminal trespass, as a Class A misdemeanor; and possession of paraphernalia, as a Class C misdemeanor.

[5] Following guilty verdicts in each cause number, the trial court entered judgments of conviction against Mays for the above-stated offenses. In May of 2019, the court held a consolidated sentencing hearing. After hearing the

parties' arguments and evidence at that hearing, the court recited Mays'

criminal history as follows:

> [L]ooking at your [criminal] history, ma'am, we go back to 1990.
> You had a Prostitution [conviction]. You had a Burglary in '91
> where a [petition to revoke probation, or "PTR"] was filed. In
> '96 you had a Prostitution [conviction]. In '97 you had
> Possession of Paraphernalia twice. Then you had Possession of
> Cocaine, and there was a PTR filed in that which was dismissed.
> Criminal Trespass. In '98, you had a Prostitution, Resisting. In
> '99 you had a False Informing, Resisting, Prostitution, and a
> Habitual Offender. A PTR was filed twice. In 2000 you had a
> Possession that was a misdemeanor. In 2001 you had a
> Resisting. In 2003 you had . . . some sort of traffic offense . . . .
> Prostitution as a D felony where a PTR was filed. Criminal
> Conversion, 2004. Possession of Cocaine, 2006. 2007 you had a
> Criminal Conversion where a PTR was filed but withdrawn
> pursuant to a plea. Driving Never Having a License, Possession
> of Cocaine. That was in 2007. In 2009 you had Criminal
> Conversion, Theft. There was a parole violation. 2011 you had
> a Theft as a Class A misdemeanor. It appears you may have a
> Theft from 2013 that's pending. A Conversion, another
> Conversion, a Battery, Possession of Paraphernalia all in 2013.
> 2014, you had [T]heft, and you had a parole violation. In 2015
> you had Possession of Paraphernalia, Driving While Suspended.
> And in 2017 you had . . . all these cases . . . . And then you had
> [an] Elkhart case which I guess you've already done. So you
> have a long, long record, ma'am.

Tr. Vol. 3 at 145-46.

[6]     "[B]ased on that" criminal history, the trial court ordered Mays to serve an

aggregate term of seven and one-half years across the three cause numbers. *Id.*

at 146.  However, in its written sentencing order, the court further stated as follows:

> [Mays] has a history of substance abuse and chemical addiction and dependency, and [she] appears to be an appropriate candidate for the [Department of Correction's] Recovery While Incarcerated.  Court recommends that [Mays] be evaluated for and considered for Recovery While Incarcerated.  Upon successful completion of the clinically appropriate substance abuse treatment program as determined by [the Department of Correction], the Court will consider a modification to this sentence.  Court will not consider a modification of th[is] sentence[] until [Mays] has completed two years incarceration.

Appellant's App. Vol. 2 at 198.  This appeal ensued.

## Discussion and Decision

[7]  Mays asserts that her aggregate sentence of seven and one-half years is inappropriate under Indiana Appellate Rule 7(B).  Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."  This Court has often recognized that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed."  *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017).  And the Indiana Supreme Court has explained that "[t]he principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived 'correct' result in each case.  Defendant has the burden to persuade

us that the sentence imposed by the trial court is inappropriate." *Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (citations omitted; omission in original).

[8] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[9] Mays asserts that her sentence is inappropriate in light of the nature of the offenses because the crimes underlying each of the three cause numbers "occurred over a . . . seven-month time frame," which, according to Mays, was for "all intents and purposes . . . a crime spree with a series of crimes being committed prior to the criminal justice system's ability to address the behavior of [the] individual." Appellant's Br. at 10. She further asserts that "the actual

harm done . . . was minimal" because "no one was injured" and "all of the property involved in the thefts was returned . . . ." *Id.*

[10] But we cannot say that Mays' sentence is inappropriate in light of the nature of the offenses. In Cause No. F6-270, Mays lied to investigating police officers about her identity. In Cause No. F6-750, she was apprehended on outstanding warrants and found to be in possession of cocaine and a glass pipe. In Cause No. F6-988, she attempted to steal merchandise from a store that had previously prohibited her from being there, and when she was apprehended there she again was in possession of a glass pipe. And while we disagree with Mays' characterization of the numerous offenses underlying the three cause numbers as a single "crime spree," it is relevant, and not favorable to Mays, that she committed the crimes underlying Cause No. F6-750 while the charges against her in Cause No. F6-270 were pending, and that she committed the crimes underlying Cause No. F6-988 while each of the other two cause numbers were pending. We cannot say that Mays' sentence is inappropriate in light of the nature of the offenses.

[11] Mays also asserts that her aggregate sentence is inappropriate in light of her character because "she suffered from an ongoing substance abuse illness." *Id.* Although not referenced by Mays in her argument on appeal, we note that, in a recent *per curiam* opinion, the Indiana Supreme Court considered a term of incarceration for a defendant who had had "multiple drug-related contacts with the criminal justice system over many years" but had "yet to receive court-ordered substance abuse treatment." *Hoak v. State*, 113 N.E.3d. 1209, 1209

(Ind. 2019) (per curiam) (quotation marks omitted). Our Supreme Court remanded for the trial court "to determine whether [the defendant] is eligible for substance abuse treatment in a Community Corrections placement; and[,] if she is eligible, to order half of her sentence to be executed in Community Corrections." *Id.* at 1209-10.

But *Hoak* is not applicable here, where the trial court expressly ordered Mays to be evaluated for a clinically appropriate substance abuse treatment program for her to complete, or attempt to complete, during her incarceration with the Department of Correction. The court even stated that Mays would have the opportunity to seek a sentence modification after just two years of incarceration if she successfully completes such a program. Thus, the trial court has taken Mays' substance abuse issues into account, and we cannot say that Mays' sentence is inappropriate given the trial court's consideration of her substance abuse. Neither is it inappropriate in light of her character more generally: Mays' "long, long [criminal] record," including her repeated failures to abide by the terms and conditions of numerous prior placements on probation and parole, speaks poorly of her character. Tr. Vol. 3 at 146.

Accordingly, we cannot say that Mays' sentence is inappropriate in light of the nature of the offenses and her character, and we affirm her sentence.

Affirmed.

Bailey, J., and May, J., concur.