## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 22 2019, 8:47 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elberta N. Jackson, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | November 22, 2019 <br><br> Court of Appeals Case No. <br> 19A-CR-1325 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Jeffrey D. Todd, Judge <br><br> Trial Court Cause No. <br> 27D01-1807-F4-39 |

**Najam, Judge.**

# Statement of the Case

[1] Elberta N. Jackson appeals her sentence after she pleaded guilty to battery, as a Level 5 felony; battery, as a Level 6 felony; and resisting law enforcement, as a Class A misdemeanor. Jackson raises a single issue for our review, namely, whether her aggregate sentence of four years, with all but her already-served time suspended to probation, is inappropriate in light of the nature of the offenses and her character. We affirm.

# Facts and Procedural History

[2] On July 20, 2018, Marion Police Department officers placed Jackson under arrest. Jackson did not comply with the officers' requests, however. In relevant part, she refused to get in a police vehicle, and as a result officers had to "drag" her into the vehicle. Tr. Vol. II at 11. Upon arriving at the jail, she "slammed [her] body" into the body of an escorting officer. *Id.* at 12. And when officers at the jail attempted to remove a ring from Jackson's finger and take out a hair tie, she "struggl[ed]" with them and bit one of the officers on the leg, leaving a bite mark and bruising. *Id.* at 13.

[3] Among other offenses, the State charged Jackson with battery, as a Level 5 felony; battery, as a Level 6 felony; and resisting law enforcement, as a Class A misdemeanor. After the court empaneled a jury but before the parties began to try the case, Jackson agreed to plead guilty to those three offenses, and, in exchange, the State dismissed the remaining counts.

[4] Thereafter, the trial court held a sentencing hearing. Following that hearing, the court ordered Jackson to serve an aggregate term of four years with all but her time already served suspended to probation. In determining Jackson's sentence, the court found her criminal history to be an aggravating factor and found her remorse, her history of mental-health issues, and that she was "extremely emotionally distressed at the time the offenses were committed" to be mitigating factors. Appellant's App. Vol. 2 at 9-10. This appeal ensued.

## Discussion and Decision

[5] On appeal, Jackson asserts that her sentence is inappropriate in light of the nature of the offenses and her character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This Court has often recognized that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has explained that "[t]he principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived 'correct' result in each case. Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (citations omitted; omission in original).

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should

receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[7]  Pursuant to Indiana Code Section 35-50-2-6 (2019), a person who commits a Level 5 felony is subject to a term of imprisonment between one and six years, with an advisory term of three years. Indiana Code Section 35-50-2-7 provides that a person who commits a Level 6 felony is subject to a term of imprisonment between six months and two and one-half years, with an advisory term of one year. And Indiana Code Section 35-50-3-2 provides that a person who commits a Class A misdemeanor may be imprisoned for up to one year. Thus, a defendant who commits a Level 5 felony, a Level 6 felony, and a Class A misdemeanor faces a maximum possible term of nine and one-half years.

[8]     Jackson asserts on appeal that her sentence is inappropriate for the following reasons: there was a large crowd when she was arrested; she was "upset that day for a couple of reasons," including the recent death of her brother; although she slammed her body into one officer, she "didn't take a swing at him"; "she was having a bad day"; she pleaded guilty and, in exchange, obtained the dismissal of at least one count the State could not prove anyway; she was remorseful and later apologized to at least one of the officers in person; and she has had "numerous traumatic experiences throughout her life" and related mental-health issues. Appellant's Br. at 12-15.

[9]     We cannot say that Jackson's aggregate sentence of four years, with all but time served suspended to probation, is inappropriate in light of the nature of the offenses. Jackson resisted numerous law enforcement officers as they placed her under arrest and moved her to the jail. Her resistance included two different physical altercations, and during one of those altercations she bit an officer's leg, leaving a visible bite mark. The nature of her offenses is not "overcome by compelling evidence portraying in a positive light the nature of the offense[s]." *Stephenson*, 29 N.E.3d at 122.

[10]    Neither is her sentence inappropriate in light of her character. We acknowledge, as the trial court did, that Jackson has appeared to be remorseful, that she was, as she says, "having a bad day," and that she has had a history of mental-health issues. Appellant's Br. at 13. Jackson has multiple prior felony convictions, and she has multiple prior convictions for battery on an officer and resisting law enforcement. She has also had numerous prior revocations of her

probation. Further, she pleaded guilty only after the court had already empaneled a jury, which did not spare the State the time and expense of preparing for trial. Accordingly, we cannot say that the evidence of her character justifies overcoming our usual deference to the trial court on sentencing. *See Stephenson*, 22 N.E.3d at 122.

[11] In sum, we affirm Jackson's sentence.

[12] Affirmed.

Vaidik, C.J., and Tavitas, J., concur.