## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 13 2020, 7:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marvin J. Davis, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 13, 2020 <br><br> Court of Appeals Case No. 19A-CR-2505 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances C. Gull, Judge <br><br> Trial Court Cause No. 02D05-1809-F3-57 |

**Bailey, Judge.**

# Case Summary

[1] Marvin Davis ("Davis") was convicted of Level 3 felony rape[1] and Level 6 felony sexual battery[2] following a jury trial. He appeals his fifteen-year sentence asserting that his sentence is inappropriate in light of the nature of the offenses and his character. We affirm.

# Facts and Procedural History

[2] On July 17, 2018, Davis's friend Camille was with her daughter, P.H., when they made a stop at Davis's home. When Davis met Camille's daughter he said, "Wow, how old are you?" She replied, "Sixteen." Davis asked if she had any hobbies and then quickly followed with an offer to help her get a coaching position on the cheerleading team at the middle school.

[3] Because P.H. was interested, the next day Davis decided to drive her to Metro field to meet with the woman involved in the cheerleading program. On their way to Metro field, Davis told P.H. that he had to stop at his house to get some papers he had forgotten. When they arrived at Davis's home he invited P.H. inside for a glass of water. As they entered, Davis asked P.H. if she had ever been with an older man, telling her that he could show her how. Davis then closed the door and pushed P.H. against it. Davis used his right arm to hold

---

[1] Ind. Code § 35-42-4-1.

[2] I.C. § 35-42-4-8.

her neck against the door and his other hand to pull down P.H.'s pants and proceeded to rape her. P.H. continuously asked Davis to stop and attempted to fight him off, but Davis told her to shut up and put his hand over her mouth. When Davis finished raping P.H., he dropped her off at her friend's house. Later it was also determined that the cheerleading program that Davis offered P.H. did not exist.

[4] On August 29, 2019, a judgment of conviction was entered after a jury found Davis guilty on Count I Level 3 felony rape and Count II Level 6 felony sexual battery. At the sentencing hearing, Davis was sentenced to fifteen years on Count I and two years on Count II with both sentences running concurrently. Davis now appeals.

# Discussion and Decision

[5] Davis contends that his sentence is inappropriate. Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by a trial court. *See, e.g.*, *Sanders v. State*, 71 N.E.3d 839, 843 (Ind. Ct. App. 2017), *trans. denied*. This appellate authority is embodied in Indiana Appellate Rule 7(B). *Id*. Under 7(B), the appellant must demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. *Id*. (citing Ind. Appellate Rule 7(B)). In these instances, deference to the trial courts "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as

substantial virtuous traits or persistent examples of good character).” *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] The Indiana Supreme Court has explained that the principal role of appellate review is an attempt to leaven the outliers, “not to achieve a perceived ‘correct’ result in each case.” *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[7] A defendant convicted of a Level 3 felony is subject to a sentencing range of three to sixteen years. I.C. § 35-50-2-5(b). Davis received a fifteen-year sentence for his crimes. He contends that the nature of the offense and his character do not support his fifteen-year sentence for rape. An analysis under the auspices of Rule 7(B) suggests otherwise.

[8] First, we look to the nature of the offense. Under the guise of being friends with the victim’s mother and assisting the victim with securing a position as a cheerleading coach, Davis lured this young girl into his car and drove her to his house. There Davis used brute force to rape her.

[9] Next, we consider the defendant’s character. Davis has an extensive criminal history consisting of eight prior convictions as an adult. Furthermore, Davis used deception to perpetrate his well-thought-out plan which connotes an absence of any “restraint.” *Stephenson*, 29 N.E.3d at 122.

In the final analysis, Davis has wholly failed to present any evidence, let alone compelling evidence, that portrays in a positive light the nature of the offense and his character. Absent such evidence, we are unpersuaded that his sentence is inappropriate.

Affirmed.

Crone, J., and Altice, J., concur.