## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 15 2018, 6:51 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Evan K. Hammond
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jason A. Whetstone, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 15, 2018 <br><br> Court of Appeals Case No. 18A-CR-685 <br><br> Appeal from the Grant Circuit Court <br><br> The Honorable Mark E. Spitzer, Judge <br><br> Trial Court Cause No. 27C01-1604-F5-54 |

**Robb, Judge.**

# Case Summary and Issue

[1] After a jury found Jason Whetstone guilty of battery by means of a deadly weapon and criminal mischief, the trial court sentenced him to three years for the battery conviction and 180 days for the criminal mischief conviction, to be served concurrently. Whetstone now appeals his sentence. This case presents a single issue for our review, namely whether the trial court abused its discretion in sentencing Whetstone based on the identified mitigating and aggravating factors. Concluding the weight a trial court assigns to mitigating or aggravating factors is not subject to review for an abuse of discretion, we affirm.

# Facts and Procedural History

[2] Around 3:00 a.m. on April 25, 2016, outside Ashley Guy's home, she, the victim, and several others observed Whetstone popping the tires of a vehicle. After instructing Whetstone to stop, the victim tackled Whetstone and the two engaged in an altercation during which Whetstone stabbed the victim twice, once in the abdomen and once in the back of the leg. Whetstone testified that he believed he was hit in the face with a brick and several people held him down and stuck him. After Whetstone stabbed the victim, he attempted to flee but an observer held him down until the police arrived.

[3] The State charged Whetstone with battery by means of a deadly weapon, a Level 5 felony, and criminal mischief, a Class B misdemeanor. After a jury trial, Whetstone was found guilty of both offenses. At the sentencing hearing,

Whetstone explained that he suffers from mental health issues, including anxiety, panic attacks, post-traumatic stress, and depression, several of which he takes medication for. The trial court stated at the hearing:

> I think a clear aggravating factor here is that the Defendant does have a history of criminal or delinquent behavior. . . . [M]ental health is a mitigator. It's a mild one. I…having heard the evidence and judging the credibility of the witnesses, including the Defendant's own testimony, I'm not particularly convinced that mental health is a mitigating factor, and frankly the Defendant's testimony was not particularly believable. [I]n terms of his version of the offense, you know, I think a mitigating factor could also be that the Defendant was substantially injured in the altercation and so the argument could be made that, at least to some extent, he's received some punishment already. [B]ut that's what happens when you go to somebody's house and try to stick a knife in their tires so, you know, it's a little bit of sort of you get what you have coming, frankly, and so that would be a mild mitigating factor as well.

Transcript, Volume I at 249-50. In its sentencing order, the trial court stated Whetstone's criminal history was an aggravating circumstance and his serious injuries from the altercation and history of mental illness were mitigating factors. The trial court sentenced Whetstone to three years at the Indiana Department of Correction for the battery conviction and 180 days for the criminal mischief conviction and ordered the sentences to be served concurrently. The trial court also ordered Whetstone to pay restitution. Whetstone now appeals.

# Discussion and Decision

## I. Abuse of Discretion

[4] Whetstone argues the trial court abused its discretion by "sentenc[ing] him to more than the minimum sentence when it found more mitigating factors than aggravating." Brief of Appellant at 9. The statutory range for a Level 5 felony is a fixed term between one and six years with three years being the advisory sentence, Ind. Code § 35-50-2-6(b), and the sentence for a Class B misdemeanor is a fixed term of no more than 180 days, Ind. Code § 35-50-3-3.

[5] Sentencing decisions are within the discretion of the trial court and are afforded considerable deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). We review only for an abuse of discretion. *Sanders v. State*, 71 N.E.3d 839, 842-43 (Ind. Ct. App. 2017), *trans. denied*. A trial court abuses its discretion when its decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). When sentencing, a trial court can abuse its discretion in one of four ways:

> (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law.

*Phelps v. State*, 24 N.E.3d 525, 527 (Ind. Ct. App. 2015).

[6] The advisory sentence is the starting point the Indiana legislature has selected as an appropriate sentence, *Childress v. State*, 848 N.E.2d 1073, 1081 (Ind. 2006), but a trial court may deviate from the advisory sentence by finding and weighing any aggravating or mitigating circumstances, Ind. Code § 35-38-1-7.1. When a trial court identifies proper aggravating or mitigating factors, the weight or value given to those factors is not subject to review for an abuse of discretion. *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans. denied*. As our supreme court noted after the sentencing statutes were amended in 2005, "[b]ecause the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to 'properly weigh' such factors." *Anglemyer*, 868 N.E.2d at 491.

[7] Although Whetstone's argument section provides a comprehensive overview of the abuse of discretion standard, he does not challenge a particular factor identified by the court as improper. Moreover, Whetstone does not contend the trial court's reasons in the sentencing statement were unsupported by the record or that the trial court omitted reasons supported by the record. *See Phelps*, 24 N.E.3d at 527.

[8] Instead, Whetstone's only argument is he should have received a lesser sentence because the trial court found more mitigating than aggravating factors. As the State contends, Whetstone's argument is essentially a "claim that the trial court

failed to give more weight to the mitigators than it did the aggravators." Brief of Appellee at 8. However, the weight the trial court gave to a particular factor is not subject to appellate review. *Anglemyer*, 868 N.E.2d at 491. Instead, this is the "trial court's call." *Id*. at 493. Therefore, the trial court properly sentenced Whetstone within the statutory framework and weighed the identified factors at its discretion, which is outside the scope of our review.

## II. Inappropriate Sentence

[9] Indiana Appellate Rule 7(B) provides this court with the authority to review the appropriateness of a defendant's sentence in light of the nature of the offense and character of the offender. Whetstone briefly employs 7(B) language at the beginning of his brief when he states the issue as whether his sentence "is inappropriate in light of the nature of the offense and the character of the offender[,]" and at the end of his brief by stating he "believes [his] sentence is inappropriate in light of the nature of the offense and the character of the offender." Brief of Appellant at 4, 9. Any potential Rule 7(B) argument stops there, however, as Whetstone fails to support his argument with cogent reasoning regarding the nature of the offense or his character. Therefore, Whetstone has waived this issue for our review. *See* Indiana Appellate Rule 46(A)(8)(a).

[10] Waiver notwithstanding, Whetstone fails to demonstrate his sentence is inappropriate in light of the nature of the offense and character of the offender. A defendant carries the burden of persuading this court that his or her sentence

is inappropriate, which Whetstone has not done. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Whetstone was sentenced to the advisory sentence, which is the "starting point" the Indiana legislature has selected as an appropriate sentence. *Childress*, 848 N.E.2d at 1081.

[11] The nature of Whetstone's offense does not render his sentence inappropriate. We consider whether there is "anything more or less egregious about the offense as committed by the defendant that 'makes it different from the typical offense accounted for by the legislature when it set the advisory sentence.'" *Moyer v. State*, 83 N.E.3d 136, 142 (Ind. Ct. App. 2017). Even if the nature of Whetstone's offense is no more egregious than any other battery offense, we cannot conclude his sentence is inappropriate because the trial court imposed the recommended sentence for the crime committed.

[12] Based on Whetstone's character, his sentence is not inappropriate. "Even a minor criminal record reflects poorly on a defendant's character[.]" *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017). Whetstone's criminal history is comprised of multiple arrests and convictions including two dismissed battery charges. Despite Whetstone's previous contact with our justice system, he was not deterred from committing the present offense. *Rutherford*, 866 N.E.2d at 874. Although the trial court considered Whetstone's history of mental illness a mitigating factor, Tr., Vol. I at 249, an evaluation of these factors does not merit a deviation from the advisory sentence. Therefore, Whetstone's sentence was not inappropriate in light of his character.

# Conclusion

[13] For the foregoing reasons, we conclude the trial court did not abuse its discretion in sentencing Whetstone to the advisory sentence.

[14] Affirmed.

Baker, J., and May, J., concur.