## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 27 2018, 10:31 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brent Stephenson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

December 27, 2018

Court of Appeals Case No.
18A-CR-1438

Appeal from the Dearborn
Superior Court

The Honorable Jonathan N.
Cleary, Judge

Trial Court Cause No.
15D01-1709-F4-29

**Tavitas, Judge.**

## Case Summary

[1] Brent Stephenson appeals his sentence, received pursuant to his guilty plea for dealing in cocaine, a Level 4 felony. We affirm.

## Issue

[2] Stephenson raises one issue, which we restate as whether his sentence is inappropriate.

## Facts

[3] In March 2017, officers received information from a "concerned citizen" that Stephenson was involved in selling cocaine and marijuana. Tr. Vol. II p. 43. Detective Nick Beetz of the Lawrenceburg Police Department testified that officers began investigating Stephenson when they heard that he was "again involved in illegal drug activity." *Id.* at 27. Officers were familiar with Stephenson based on previous encounters between February 14, 2011, and March 18, 2011, in which officers participated in several controlled buys with Stephenson. During that time, Stephenson also sold heroin to an individual who later died as a result of an overdose.[1]

[4] Officers continued to receive information about Stephenson's activity selling narcotics through July 2017 from a confidential informant. Then, in August 28,

---

[1] For this 2011 offense, Stephenson pled guilty to Count I, dealing in a narcotic drug, a Class B felony, and Count II, reckless homicide, a Class C felony, under Cause No. 15C01-1103-FA-4. Stephenson was sentenced to twenty years, with thirteen years suspended on Count I, and eight years with four years suspended on Count II. Stephenson was released from prison in March 2016.

2017, officers responded to a domestic incident at Stephenson's mother's residence in Manchester. When officers arrived, Cynthia Dudley, Stephenson's mother, and Michelle Dudley, Stephenson's sister, were at the residence, but Stephenson had fled. Officers conducted a search of the residence and found drugs, drug paraphernalia, and an empty handgun box. The officers believed the items belonged to Stephenson. The following day, officers issued a charging information and charged Stephenson with Count I, possession of a firearm by a serious violent felon, a Level 4 felony; Count II, intimidation, a Level 5 felony; and Count III, pointing a firearm, a Level 6 felony.[2] Officers issued an arrest warrant for Stephenson and remained in contact with their informant who was providing information on Stephenson.

[5] Officers made attempts to locate Stephenson with no success. Officers had reason to believe that Stephenson was aware of the warrant and that he was "laying low." *Id.* at 42. On September 1, 2017, officers conducted a controlled purchase of one gram of cocaine from Stephenson in Lawrenceburg for $100. A confidential informant arranged the purchase with Stephenson via text message. When the confidential informant arrived to purchase the cocaine from Stephenson, Sandra Holland ("Sandra") brought the cocaine out to the confidential informant wrapped up in a plastic bag that was inside a diaper.

---

[2] On March 26, 2018, Stephenson pleaded guilty to an amended Count II, intimidation, a Level 5 felony under Cause No. 15C01-1708-F4-27. On this charge, Stephenson was sentenced to six years suspended to be served consecutive to the nine years imposed on his probation revocation sentence under Cause No. 15C01-1103-FA-4.

Sandra indicated that she got the drugs from Stephenson. Sandra and her husband, Ry Holland ("Ry"), were also both charged for offenses related to their involvement with the transaction.[3]

[6] After the transaction, officers observed Stephenson get into a van with Sandra and Ry. Officers initiated a traffic stop of the van. Stephenson fled from the van, and officers pursued him. Officers, with canine support, were ultimately able to capture Stephenson and took him into custody. The two fifty-dollar bills that the confidential informant gave to Sandra during the transaction were found in Stephenson's wallet when Stephenson was taken into custody. Officers had written down the serial numbers of the two fifty-dollar bills they used in the transaction and were able to verify the bills were the same as those in Stephenson's wallet. Officers also found a black backpack that belonged to Stephenson in Sandra and Ry's home that contained multiple drug and drug paraphernalia items, including marijuana, a folded brown plastic bag,[4] two partial white round or oval tablets, and a glass pipe. One tablet tested positive for suboxone, and the other tested positive for buprenorphine.

[7] Stephenson was charged with Count I, dealing in cocaine, a Level 5 felony; Count II, dealing in cocaine, a Level 4 felony; Count III, resisting law enforcement, a Class A misdemeanor; Count VII, possession of a narcotic drug,

---

[3] Specific information regarding the charges of Sandra and Ry have been omitted from this opinion.

[4] This plastic bag was the same type as the plastic bag in which the cocaine was delivered.

a Level 6 felony; Count VIII, possession of a narcotic drug, a Level 5 felony; Count IX, possession of a controlled substance, a Class A misdemeanor; Count X, possession of a controlled substance, a Level 6 felony; Count XI, possession of marijuana less than thirty grams, a Class B misdemeanor; and Count XII, possession of paraphernalia, a Class C misdemeanor.[5] Stephenson pleaded guilty to an amended Count II, dealing in cocaine, a Level 4 felony, and all other counts were dismissed.

[8] At sentencing, Stephenson testified regarding his extensive addiction history. Stephenson was prescribed ADHD medication as a child; and, after his release from "boy's school," began smoking marijuana. *Id*. at 51. Stephenson indicated that his drug addiction "kinda [sic] led from there." *Id.* Stephenson admitted to using opiates in 2011 and continuous marijuana use after his release from prison. Stephenson stated that he "didn't want to get back into heroin again," so Stephenson went to the suboxone clinic until he could no longer afford it and began buying off the streets. *Id.*

[9] The trial court sentenced Stephenson to eleven years executed. The trial court found as mitigating factors: (1) Stephenson's guilty plea; (2) that Stephenson has a dependent son[6]; and (3) that Stephenson expressed remorse.[7] The trial

---

[5] The other counts in the charging information applied only to Sandra and Ry and have been omitted.

[6] Stephenson's son was one year old at the time of sentencing.

[7] In finding this mitigator, the trial court said: "[B]ut the Court does note, that some of the statements today are in direct conflict to the jail recording played by the State." Tr. Vol. II p. 66. During sentencing, the State produced video of Stephenson speaking with an unidentified female while in prison, saying first that his time

court found as aggravating factors: (1) that Stephenson was on probation when the felony was committed; and (2) Stephenson's criminal history, which included two adjudications as a delinquent. Stephenson now appeals.

## Analysis

[10] Indiana Appellate Rule 7(B) provides that this court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State,* 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied.*

[11] In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State,* 71 N.E.3d 839, 844 (Ind. 2017) (quoting *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008)). In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "if another sentence might be *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Sanders,* 71 N.E.3d at 844 (citing *King v. State,* 894 N.E.2d 265, 268 (Ind. Ct. App. 2008)).

---

in prison goes by very quickly, and even when he is given five or six years, it feels like eighteen months to him. Stephenson also told the unidentified female that he had been selling drugs to provide for his son.

[12] We look to the statutory ranges established for the classification of the offense. Stephenson pleaded guilty to an amended Count II, dealing in cocaine, a Level 4 felony. The sentence for a Level 4 felony ranges from two years to twelve years, with an advisory sentence of six years. Here, the trial court imposed an eleven-year sentence.

[13] We first review the nature of Stephenson's offense. Stephenson pleaded guilty to dealing in cocaine, a Level 4 felony, after he sold cocaine to a confidential informant in a controlled buy. At the time of the controlled buy, Stephenson had a pending arrest warrant for his charges of possession of a firearm by a serious violent felon, a Level 4 felony; intimidation, a Level 5 felony; and pointing a firearm, a Level 6 felony, from a domestic incident that had taken place only a few days before the controlled buy. The evidence indicated that Stephenson was aware of these charges and was trying to avoid police.

[14] Next, we consider Stephenson's character. Stephenson's criminal history does not reflect well upon his character. Stephenson was adjudicated twice as a delinquent for an act that would be considered theft if committed by an adult, a Class D felony, and an act that would be considered intimidation if committed by an adult, a Class D felony. According to Stephenson's presentence investigation report, as an adult, Stephenson has been convicted of operating a motor vehicle without ever receiving a license, a Class C misdemeanor; illegal consumption of an alcoholic beverage, a Class C misdemeanor; illegal possession of an alcoholic beverage, a Class C misdemeanor; visiting a common nuisance, a Class B misdemeanor; dealing cocaine or narcotic drug

within 1,000 feet of family housing complex, a Class B felony[8]; reckless homicide, a Class C felony; maintaining a common nuisance, a Class D felony; intimidation, a Level 5 felony; and the instant offenses.

[15] Finally, the State's evidence regarding Stephenson's conversation with the unidentified female in prison does not bode well for Stephenson's character. Stephenson indicated in that conversation that serving five or six years in prison was not meaningful to him because it went by so quickly. In the conversation, Stephenson also discussed his perceived need to continue to sell drugs to provide for his son. As the trial court stated, "the desire, the plan, the amount of work that goes into dealing drugs . . . .if [Stephenson] would have put the same work into a legitimate job, [Stephenson] could have stayed out of incarceration, [Stephenson] could have supported his son . . . ." Tr. Vol. II p. 69.

[16] It appears that the trial court did not believe that sentencing Stephenson to the advisory sentence would help Stephenson understand the seriousness of his actions. This is especially true in light of the fact that Stephenson was again selling drugs just over one year after his release from prison for a transaction that ultimately resulted in a death caused by overdose. We acknowledge that the trial court did sentence Stephenson to the higher end of the sentencing range

---

[8] The presentence investigation report indicates that Stephenson was convicted of a Class A felony; however, the negotiated plea agreement provided on appeal indicates that Stephenson pleaded guilty to a Class B felony.

for Stephenson's offense, but Stephenson's prior sentences have had no reformative effect on his behavior. We do not find this eleven-year sentence to be inappropriate in light of all the circumstances.

## Conclusion

[17] Stephenson failed to prove this sentence is inappropriate. We affirm.

Affirmed.

Brown, J., and Altice, J., concur.