## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 20 2019, 9:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Patrick Magrath
Alcorn Sage Schwartz & Magrath, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kathy Hardesty,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 20, 2019

Court of Appeals Case No.
18A-CR-2727

Appeal from the Ripley
Superior Court

The Honorable Jeffrey L. Sharp, Judge

Trial Court Cause No.
69D01-1804-F6-100

**Najam, Judge.**

# Statement of the Case

[1] Kathy Hardesty appeals her sentence following her conviction for dealing in methamphetamine, as a Level 5 felony, and her adjudication as a habitual offender pursuant to a guilty plea. Hardesty presents a single issue for our review, namely, whether her sentence is inappropriate in light of the nature of the offense and her character. We affirm.

# Facts and Procedural History

[2] On April 5, 2018, Indiana State Police Trooper Jordan Craig and other officers conducted a knock and talk investigation at Hardesty's house in Holton. Once Trooper Craig and the other officers were inside, they found nine adults, including Hardesty, and two small children. After Trooper Craig observed a burned marijuana cigarette in plain view, and after one of the adults was found to possess methamphetamine after consenting to a search of his person, Trooper Craig obtained and executed a search warrant for the residence. In the course of that search, officers found: a pipe used to smoke methamphetamine (found inside a diaper bag); five syringes (one on a couch, one in a laundry basket, and three in a backpack); a corner-cut baggie containing methamphetamine; Hardesty's wallet, with $1000 in cash; and a ledger listing names and amounts owed for methamphetamine sales.

[3] Hardesty agreed to talk to Trooper Craig, and she admitted that the cash found in her wallet was payment for a methamphetamine sale. Hardesty also told Trooper Craig that she had sold methamphetamine to "numerous people in

Ripley [County] and Jennings County" and that "[s]he was dealing to people who dealt." Tr. at 27. Hardesty stated that she sold approximately one ounce of methamphetamine per week.

[4] The State charged Hardesty with dealing in methamphetamine, as a Level 5 felony; maintaining a common nuisance, a Level 6 felony; possessing methamphetamine, as a Level 6 felony; and being a habitual offender. Hardesty pleaded guilty to dealing in methamphetamine, as a Level 5 felony, and to being a habitual offender. In exchange for her plea, the State dismissed the other charges. The trial court accepted the guilty plea, which left sentencing open to the trial court's discretion. Following a hearing, the trial court sentenced Hardesty to six years for the Level 5 felony enhanced by six years for being a habitual offender, for an aggregate term of twelve years executed. This appeal ensued.

## Discussion and Decision

[5] Hardesty contends that her sentence is inappropriate in light of the nature of the offense and her character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This Court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. [*Anglemyer*, 868 N.E.2d at 494].

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[7] Indiana Code Section 35-50-2-6(b) states that a person convicted of a Level 5 felony shall be imprisoned for a fixed term between one and six years, with an advisory sentence of three years. Indiana Code Section 35-50-2-8 states in relevant part that, where a person has been convicted of a Level 5 felony and

found to be a habitual offender, the court shall sentence her to an additional fixed term that is between two years and six years. Here, the trial court identified as an aggravating circumstance Hardesty's criminal history, including a 2006 conviction for dealing in methamphetamine, as a Class B felony; probation violations in 2009 and 2011; a 2015 conviction for possession of methamphetamine, as a Level 6 felony; and "a home detention violation in 2017." Appellant's App. Vol. II at 89. The trial court also found aggravating: the presence of young children in the home; that Hardesty was "a major source of methamphetamine to Ripley County"; and her high risk to reoffend. *Id.* The trial court found two mitigating circumstances, namely, Hardesty's cooperation with law enforcement officers and her guilty plea. The trial court found that the aggravators outweighed the mitigators and imposed the maximum aggregate sentence of twelve years.

[8] Hardesty maintains that her sentence is inappropriate in light of the nature of the offense because "there is nothing in the nature of [the] crime that makes it above and beyond the nature of offense the legislature proscribed in the criminal statute." Appellant's Br. at 12. And she maintains that her sentence is inappropriate in light of her character because of her "significant work history," her history of addiction, her cooperation with law enforcement, her acceptance of responsibility, and her remorse. *Id.*

[9] We cannot say that Hardesty's sentence is inappropriate in light of the nature of the offense or her character. Regarding the nature of the offense, Hardesty admitted that she had sold methamphetamine in the presence of her two very

young grandchildren. With respect to her character, Hardesty admitted to selling methamphetamine for ten years, and this is her third methamphetamine-related felony conviction since 2006. Hardesty admitted that she had sold methamphetamine to other dealers, and Trooper Craig testified that Hardesty was "the source for a lot of mid-level drug dealers." Appellant's App. Vol. II at 89. Hardesty has two previous probation violations, and she violated the terms of her home detention in 2017. Hardesty's numerous encounters with law enforcement and the courts have done nothing to discourage her from criminal conduct. We cannot say that Hardesty's twelve-year sentence is inappropriate in light of the nature of the offense and her character.

[10] Affirmed.

Baker, J., and Robb, J., concur.