# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 10 2019, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David L. Joley
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Billy J. Gonzales, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | May 10, 2019 <br><br> Court of Appeals Case No. 18A-CR-2676 <br><br> Appeal from the Allen Superior Court <br><br> The Honorable Frances Gull, Judge <br><br> Trial Court Cause Nos. 02D05-1807-F6-797 02D06-1806-F6-658 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following two separate incidents, Billy Gonzales was charged in two separate causes with Level 6 possession of a synthetic drug, pleaded guilty in each matter, and entered into a drug court program. After violating the conditions of the program, Gonzales was convicted and sentenced to one and one-half years in each matter, to be served consecutively.[1] Gonzales appeals his sentences, presenting the sole issue of whether his sentence of one and one-half years in each case is inappropriate in light of his character and his offenses. Concluding his sentences are not inappropriate, we affirm.

# Facts and Procedural History

[2] On June 3, 2018, Officer K. Hill of the Fort Wayne Police Department responded to a traffic accident in which a pedestrian had possibly been struck. Upon Officer Hill's arrival, he found Gonzales in a "kneeling position leaning forward clinched in the fetal position and unresponsive." Appendix of Appellant, Volume 2 at 24. A person on the scene stated Gonzales had not been struck by a vehicle but might be having a seizure. Gonzales appeared to be clutching "white rolling paper with a burnt end" in his hand. *Id*. Officer Hill recognized the chemical odor from the "roach" as synthetic spice. *Id*. Gonzales was transported to the hospital and was arrested shortly thereafter.

---

[1] Pursuant to Indiana Code section 35-50-1-2, Gonzales was required to serve the sentence imposed in these two cases consecutively because he was on bond for one offense when he committed the other.

The State charged Gonzales with possession of a synthetic drug, with a prior conviction, a Level 6 felony.

[3] One month later, on July 3, Officer A. Davis of the Fort Wayne Police Department responded to a "man down call" in a local park. *Id.* at 26. When Officer Davis arrived, he observed Gonzales lying on a park bench. As Officer Davis approached the bench, Gonzales stood up and stated, "Honestly, I am high, please don't take me to jail." *Id.* Directly under where Gonzales' hand had been hanging off the bench was a rolled cigarette containing a "plant like material" that Officer Davis suspected to be spice, a synthetic drug. *Id.* Gonzales also told Officer Davis that there was something in his sock, so Officer Davis removed Gonzales' shoe and sock and discovered a plastic baggie with suspected spice. Gonzales was arrested and again charged with possession of a synthetic drug, with a prior conviction, a Level 6 felony.

[4] On July 23, Gonzales pleaded guilty to both matters and entered into the Allen County Drug Court Program. Gonzales failed to appear for a compliance hearing with the drug treatment court on September 4 and a warrant for his arrest was issued.[2] After the warrant was served, Gonzales' case manager filed a Verified Petition to Terminate Drug Court Program in both matters in which he alleged that Gonzales violated the conditions of the Drug Court Program Participation Agreement for failure to complete a drug screen, failure to attend

---

[2] The Chronological Case Summary ("CCS") in each matter appear to be contemporaneous with one another.

and complete his assessment, and being arrested for public intoxication. Gonzales admitted to the violations and the trial court revoked his placement in the drug court program and ordered a presentence investigation.

[5]  A sentencing hearing was held on October 11 and Gonzales was convicted of possession of a synthetic drug, with a prior conviction, in each cause, both Level 6 felonies.  *See* App. of Appellant, Vol. 2 at 10-11, 21.  In sentencing Gonzales, the trial court stated:

> The Court does find mitigating circumstances with your plea of guilty and acceptance of responsibility, and as an aggravating circumstance your prior criminal record, with failed efforts at rehabilitation covering a period of time from 2011 to 2018, and the fact, in F6-797, that you were on bond at the time you committed the offense.  You have accumulated eight prior misdemeanor convictions and two prior felony convictions. You've been given short jail sentences, longer jail sentences, time in the Department of Correction.  You've been ordered into treatment at the Center for Non-Violence.  You've had multiple sentence modifications and Changes and then, ultimately, the Drug Court Program, and as the State points out, nothing has curbed your criminal conduct.

Transcript, Volume 2 at 28.  The trial court sentenced Gonzales to one year and one hundred and eighty-three days in each of his Level 6 felony possession matters.[3]  Gonzales now appeals.

---

[3] Gonzales was also convicted of two counts of public intoxication in two separate cause numbers, both Class B misdemeanors, at the October 11 sentencing hearing.  He was sentenced to serve ninety days in each cause.

# Discussion and Decision

## I. Inappropriate Sentence

### A. Standard of Review

[6] Indiana Appellate Rule 7(B) provides this court the authority to revise a defendant's sentence "if, after due consideration of the trial court's decision, [we] find[] the sentence is inappropriate in light of the nature of the offense and the character of the offender." Sentencing is "principally a discretionary function" of the trial court to which we afford great deference. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). It is the defendant who bears the burden of persuading this court his or her sentence is inappropriate under the standard. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

[7] On review, the question is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State,* 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). We may consider any factors

---

However, on appeal, Gonzales only challenges his sentences for his felony possession convictions. Accordingly, our review is confined to his sentences for his felony convictions.

appearing in the record in making this determination. *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011), *trans. denied*. And whether a defendant's sentence is inappropriate turns on our "sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. The trial court's recognition and non-recognition of aggravators and mitigators serves as an initial guide in our determination. *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017), *trans. denied*. Here, the trial court found Gonzales' guilty plea and acceptance of responsibility as mitigators and his criminal history, failed rehabilitation efforts, and the fact that he was on bond when he committed the second offense as aggravators.

## B. Nature of the Offenses

[8] Our analysis of the "nature of the offense" prong of the inappropriateness review begins with the advisory sentence. *Reis v. State*, 88 N.E.3d 1099, 1104 (Ind. Ct. App. 2017). The advisory sentence is the starting point our legislature selected as an appropriate sentence for the committed offense. *Childress*, 848 N.E.2d at 1081. Gonzales was convicted of possession of a synthetic drug, a Level 6 felony, in each case. The sentencing range for a Level 6 felony is a fixed term between six months and two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b).

[9] The nature of the offense is found in the details and circumstances surrounding the offense and the defendant's participation therein, *Perry v. State*, 78 N.E.3d 1,

13 (Ind. Ct. App. 2017), and compares the defendant's actions with the required showing to sustain a conviction under the charged offense, *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. Although the circumstances surrounding Gonzales' offenses are not particularly egregious, lacking violence and harm to others, we cannot conclude this prong merits a lesser sentence. We now turn to an evaluation of Gonzales' character.

## C. Character of Offender

[10] The character of the offender refers to a broad consideration of the defendant's character. *Anderson*, 989 N.E.2d at 827. A defendant's character is found in what we learn of his or her life and conduct. *Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011), *trans. denied*. Gonzales contends that his sentence is inappropriate given the "myriad of medical issues" from which he suffers, including a recent infection requiring a twenty-five-day hospital stay. Brief of Appellant at 9. Although we acknowledge Gonzales' health issues, to which we are sympathetic, and his acceptance of responsibility, these factors are outweighed by Gonzales' criminal history.

[11] A defendant's criminal history is one relevant factor in our analysis, the significance of which varies "based on the gravity, nature, and number of prior offenses in relation to the current offense." *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Gonzales' criminal history includes eight misdemeanor convictions and two felony convictions. Notably, two of Gonzales' misdemeanor convictions were convictions for possession of a

synthetic drug in September 2016 and March 2017. Therefore, these convictions are particularly relevant in our analysis. *See id*. According to the pre-sentence investigation report, Gonzales' overall Indiana Risk Assessment System score places him in the very high-risk category to reoffend. The record also reveals that Gonzales has had a suspended sentence modified once and a suspended sentence revoked once. In his brief, Gonzales acknowledges both these factors.

[12] Despite frequent contact with our criminal justice system and numerous opportunities for rehabilitation, Gonzales was not deterred from committing the present offenses. *Rutherford*, 866 N.E.2d at 874. Not even pending charges deterred him from committing additional offenses. In light of Gonzales' significant criminal history, failed rehabilitation efforts, and continued criminal conduct while on bond, he has failed to persuade this court that his one and one-half year sentence for each conviction is inappropriate.

# Conclusion

[13] For the reasons set forth above, we conclude Gonzales' sentences are not inappropriate in light of his character and the nature of his offenses.

[14] Affirmed.

Baker, J., and Najam, J., concur.