## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 30 2019, 11:03 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Anthony J. Williams,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 30, 2019

Court of Appeals Case No.
19A-CR-974

Appeal from the Vigo Superior Court

The Honorable John T. Roach, Judge

Trial Court Cause No.
84D01-1808-F4-2699

**Najam, Judge.**

# Statement of the Case

Anthony J. Williams appeals his sentence following his conviction for unlawful possession of a firearm by a serious violent felon, as a Level 4 felony, pursuant to a guilty plea. Williams raises one issue for our review, namely, whether his sentence is inappropriate in light of the nature of the offense and his character. We affirm.

# Facts and Procedural History

On August 3, 2018, Williams' daughter was arguing with her boyfriend, Deric Suddoth, while in Williams' home. At one point, Suddoth tried to pull his girlfriend out of the house by her arms. Williams' wife, Rubye Williams, asked Suddoth to leave, but he refused. Rubye then called Williams, who was not at the house at the time, and asked him to get Suddoth out of the house. Williams returned to the house and saw his daughter and Suddoth arguing near the street. Williams and Suddoth then became involved in a physical altercation, and Williams hit Suddoth with a handgun. At that point, the handgun discharged, and a bullet struck Suddoth in the face.

The State charged Williams with one count of unlawful possession of a firearm by a serious violent felon, as a Level 4 felony; two counts of battery, as Level 5 felonies; and one count of criminal recklessness, as a Level 6 felony. Thereafter, Williams pleaded guilty to one count of unlawful possession of a firearm by a serious violent felon, as a Level 4 felony. Pursuant to the plea agreement, the parties agreed that Williams' sentence would not exceed eight

years and that any executed time would be served in a community corrections program. In exchange for Williams' plea, the State dismissed the remaining charges. Following a hearing, the trial court accepted Williams' guilty plea. The court then sentenced Williams to eight years, with five years in a community corrections home detention program and three years suspended to probation. This appeal ensued.

## Discussion and Decision

[4] Williams contends that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[5] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[6] The sentencing range for a Level 4 felony is two years to twelve years, with an advisory sentence of six years. *See* Ind. Code § 35-50-2-5.5 (2019). Here, the trial court identified as aggravating factors Williams' criminal history and the fact that Williams was on parole when he committed the instant offense. And the court identified as mitigators the fact that Williams had accepted responsibility for his actions and that he suffers from post-traumatic stress disorder. The trial court found that the aggravators outweighed the mitigators and imposed a sentence of eight years, with five years in a community corrections home detention program and three years suspended to probation.

[7]     On appeal, Williams asserts that his sentence is inappropriate in light of the nature of the offense because the offense was "somewhat justified" since "he was protecting his family" from Suddoth. Appellant's Br. at 8. And Williams asserts that his sentence is inappropriate in light of his character because "he accepted responsibility for his actions immediately by speaking to police and admitting his involvement." *Id.*

[8]     However, Williams has not met his burden to demonstrate that his sentence is inappropriate. With respect to the nature of the offense, Williams admitted to having possessed a firearm despite the fact that he has a prior conviction that qualified him as a serious violent felon. Further, Williams used that handgun to strike Suddoth, which resulted in Suddoth sustaining a gunshot wound to the face. And, while Williams contends that he was justified in his possession of the firearm because he was protecting his family, Williams had possessed the firearm before the altercation between his daughter and Suddoth. In other words, Williams unlawfully possessed the firearm entirely independent of the circumstances in which he used it. Accordingly, we cannot say that Williams' sentence is inappropriate in light of the nature of the offense.

[9]     As to his character, Williams has a lengthy criminal history that spans several states and includes prior convictions for burglary, forgery, possession of a controlled substance, and receiving stolen property. In addition, Williams' criminal history includes two federal convictions for possession of a firearm by a serious violent felon. And Williams was on parole for those federal convictions at the time of the current offense.

[10] Still, Williams asserts that his sentence is inappropriate despite his criminal history because the instant offense constituted a violation of the terms of his parole, which violation will "likely" result in Williams serving 33 to 41 months in federal prison. Appellant's Br. at 8. In essence, Williams contends that "an 8-year sentence to be served after nearly 4 years in federal prison was inappropriate." *Id*. Williams' argument on this point is not well taken. We acknowledge that Williams is likely to serve time in a federal prison because he violated the terms of his federal parole. But we cannot say that Williams' sentence for the instant offense is inappropriate simply because the offense will also result in the revocation of his parole in another case. Rather, as discussed above, Williams has a lengthy criminal history that reflects poorly on his character. We conclude that Williams' sentence is not inappropriate, and we affirm his sentence.

[11] Affirmed.

Bailey, J., and May, J., concur.