## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 10 2020, 10:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Cara Schaefer Wieneke | Josiah Swinney |
| Wieneke Law Office, LLC | Deputy Attorney General |
| Brooklyn, Indiana | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jesse Atwood, | June 10, 2020 |
| *Appellant-Defendant,* | Court of Appeals Case No. 19A-CR-2977 |
| v. | Appeal from the Shelby Superior Court |
| State of Indiana, | The Honorable R. Kent Apsley, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 73D01-1808-F5-70 |

**Najam, Judge.**

## Statement of the Case

[1] Jesse Atwood appeals his sentence following his conviction for theft, as a Level 6 felony. Atwood raises one issue for our review, namely, whether his sentence

is inappropriate in light of the nature of the offense and his character. We affirm.

## Facts and Procedural History

On August 4, 2018, Christopher Springman was sitting on his porch talking to his neighbor and "doing something on his phone." Tr. Vol. II at 64. At some point, Springman walked into his house, but he left his phone outside. While Springman was inside, Atwood walked up to Springman's door, turned around, and "forcefully kicked it." *Id*. at 69. After he kicked the door open, Atwood took one step into the house and "smacked" Springman's dog. *Id*. at 70. Atwood then left the house and took Springman's cell phone, which was still on the porch. Springman's daughter attempted to prevent Atwood from leaving, but Atwood was able to get away. Springman's daughter then called 9-1-1 and reported that Atwood had stolen Springman's phone.

Sergeant Keith England with the Shelbyville Police Department responded to the call. When he arrived, he saw Atwood walking away from Springman's house. Sergeant England then spoke with Atwood, and he was able to observe that Atwood had a cell phone in his hands. Atwood then informed Sergeant England that he had taken the cell phone because it was "interfering with other cell phones in the area." *Id*. at 83. Atwood also indicated that he believed that Springman had child pornography on the phone. During his conversation with Atwood, Sergeant England noticed that Atwood was "sweaty" and that he "displayed signs of . . . paranoia or irrational thinking," which Sergeant

England believed to be consistent with methamphetamine use. *Id*. at 84. With Springman's consent, officers searched his phone and determined that Atwood's claims regarding child pornography were "unfounded." *Id*. at 87. Officers then returned the cell phone to Springman.

[4] The State charged Atwood with one count of theft, as a Class A misdemeanor (Count I), and one count of theft, as a Level 6 felony (Count II).[1] Following a bifurcated jury trial, the jury found Atwood guilty as charged. At sentencing, the court found Count I to be a lesser included offense and entered judgment of conviction only on Count II. The court then identified as aggravating factors Atwood's criminal history and the fact that Atwood was charged with new offenses while on bond for the instant offense, and the court did not identify any mitigators. Accordingly, the court imposed a two-year, fully executed sentence. This appeal ensued.

## Discussion and Decision

[5] Atwood contends that his sentence is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This court

---

[1] The State also charged Atwood with intimidation, as a Level 5 felony; residential entry, as a Level 6 felony, and alleged that he is a habitual offender. However, the State dismissed those charges prior to trial.

has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct" result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[6] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the

defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[7] The sentencing range for a Level 6 felony is six months to two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). Here, the court identified as aggravating factors Atwood's criminal history and the fact that Atwood was charged with new offenses while on bond. The court did not identify any mitigating factors. Accordingly, the court imposed an enhanced sentence of two years.

[8] On appeal, Atwood contends that his sentence is inappropriate in light of the nature of the offense because the offense was "very minor," it "did not appear to be motivated by malicious intent," and the phone was returned to Springman. Appellant's Br. at 8. And Atwood contends that his sentence is inappropriate in light of his character because he suffers from depression and anxiety and because he experienced a "troubled childhood." *Id*. at 9.

[9] However, Atwood has not met his burden on appeal to demonstrate that his sentence is inappropriate. With respect to the nature of the offense, Atwood did not simply take Springman's phone. Rather, during the commission of the offense, Atwood "forcefully" kicked in Springman's door and then "smacked" Springman's dog. Tr. Vol. II at 70. Further, Springman's daughter "had a hold of" Atwood in an attempt to stop him from leaving, but Atwood was able to get away. *Id*. at 71. And, while Springman's phone was ultimately returned, it was not because Atwood returned it; Springman only received his phone back after

officers took the phone from Atwood. Atwood has not presented compelling evidence portraying the nature of the offense in a positive light. *See Stephenson*, 29 N.E.2d at 122.

[10] As to his character, Atwood has a lengthy criminal history that includes six prior felony convictions and eight prior misdemeanor convictions. Further, Atwood has been given several opportunities to avoid incarceration in the past through alternative sentences, but he continues to commit crimes. Indeed, while on bond for the instant offense, Atwood was charged with four new offenses, one of which resulted in a new conviction. We cannot say that Atwood's sentence is inappropriate in light of his character. We therefore affirm Atwood's sentence.

[11] Affirmed.

Kirsch, J., and Brown, J., concur.