FILED

Jun 17 2020, 8:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Kyle E. Cray
Lafayette, Indiana

ATTORNEY FOR APPELLEE

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alicia Marie Prince,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 17, 2020<br><br>Court of Appeals Case No.<br>19A-CR-3070<br><br>Appeal from the Tippecanoe<br>Circuit Court<br><br>The Honorable Sean M. Persin,<br>Judge<br><br>Trial Court Cause No.<br>79C01-1903-F5-27 |

**Tavitas, Judge.**

## Case Summary

[1] Alicia Prince appeals her sentence after her guilty plea for operating a motor vehicle after forfeiture of license for life, a Level 5 felony. We affirm.

## Issue

Prince raises one issue on appeal, which we revise and restate as whether her sentence is inappropriate.

## Facts

On February 4, 2019, Trooper Risley,[1] with the Indiana State Police, was patrolling in Tippecanoe County when he observed a vehicle, driven by Prince, improperly change lanes. Trooper Risley conducted a traffic stop and discovered that Prince's driving privileges were forfeited for life. On March 12, 2019, Prince was charged with operating a motor vehicle after forfeiture of license for life, a Level 5 felony.

On November 1, 2019, Prince entered a plea agreement whereby Prince agreed to plead guilty to the charged offense and admitted to violating the terms and conditions of her community corrections sentence. In exchange, the State agreed not to file a petition to revoke probation in light of Prince's new charges.[2] The plea agreement required Prince to serve the remainder of her community corrections sentence in the Indiana Department of Correction ("DOC") and gave sentencing discretion to the trial court on the current charge.

---

[1] Trooper Risley's first name is not apparent from the record.

[2] The charges that would have served as the basis for the petition to revoke were the escape and possession of methamphetamine charges described in footnote 3, *infra*.

The same day, the trial court held a guilty plea hearing and entered an order accepting the plea agreement on the instant charge.

[5] On December 4, 2019, the trial court held a sentencing hearing and entered its written sentencing order. Prince was sentenced to three years at the DOC for operating a motor vehicle after forfeiture of license for life conviction. Additionally, the trial court ordered:

> The Court recommends that Defendant participate in Recovery While Incarcerated and/or Purposeful Incarceration. Upon successful completion of the clinically appropriate substance abuse treatment program, as determined by IDOC, the Court will immediately consider a modification to this sentence.

Appellant's App. Vol. II p. 103. Prince's sentence was ordered to run consecutive to her sentences in three other cause numbers.[3]

[6] Prince testified that she has four dependent children and that she has taken steps to address her substance abuse issues, including applying to several in-patient and out-patient treatment centers. The trial court found as aggravating factors Prince's: (1) criminal history; and (2) recent violations of probation, community corrections, and/or pre-trial release. The trial court found as mitigating factors that: (1) Prince took responsibility for her actions and pleaded

---

[3] The three other cases at issue included: (1) Prince's admission in the plea agreement for violating the terms of community corrections in cause number 79C01-1309-FC-31; (2) a pending charge for escape, a Level 6 felony, in 79D05-1905-F6-531; and (3) a recent conviction for possession of methamphetamine, a Level 6 felony, in cause number 79D04-1906-F6-724.

guilty; (2) long-term incarceration would create a hardship on Prince's dependents; and (3) Prince suffers from some mental health illness, including substance abuse disorder. Prince was entitled to credit of 167 actual days and an additional 167 days of good time credit. The trial court found the aggravators outweighed the mitigators. Prince now appeals her sentence.

## Analysis

[7] Prince argues her sentence is inappropriate in light of the nature of her offense and Prince's character. Prince asks that we review and revise her sentence pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this court that his or her sentence is inappropriate. *Wilson v. State*, 966 N.E.2d 1259, 1266 (Ind. Ct. App. 2012) (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)), *trans. denied.*

[8] In Indiana, trial courts can tailor an appropriate sentence to the circumstances presented; the trial court's judgment receives "considerable deference." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017) (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. Ct. App. 2008)), *trans. denied.* In conducting our review, we do not look to see whether the defendant's sentence is appropriate or "whether another sentence is *more* appropriate; rather the question is whether the sentence imposed is inappropriate." *Helsley v. State,* 43 N.E.3d 225, 228 (Ind. 2015) (citations and quotations omitted and emphasis supplied). "Since

the advisory sentence is the starting point our General Assembly has selected as an appropriate sentence for the crime committed, the defendant bears a particularly heavy burden in persuading us that [her] sentence is inappropriate when the trial court imposes the advisory sentence." *Fernbach v. State, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), trans. denied.*

[9] We look to the statutory range established for the classification of the offense. Prince pleaded guilty to a Level 5 felony. The sentence for a Level 5 felony ranges from one year to six years, with an advisory sentence of three years. Ind. Code § 35-50-2-6(b). Here, the trial court imposed the advisory sentence of three years.

[10] First, we consider the nature of Prince's offense. "When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence." *Pelissier v. State,* 122 N.E.3d 983, 990 (Ind. Ct. App. 2019). We consider facts such as whether the offense is "accompanied by restraint, regard, and lack of brutality[.]" *Moon v. State,* 110 N.E.3d 1156, 1162 (Ind. Ct. App. 2018). Prince argues that the facts of her offense "only minimally satisfy" the elements for conviction of the offense.[4] Appellant's Br. p. 8. Prince claims that she was driving to "price an urn" for her deceased mother. Appellant's App. Vol. II p. 73. While doing so, Prince changed lanes

---

[4] Pursuant to Indiana Code Section 9-30-10-17(a)(1): "A person who: (1) operates a motor vehicle after the person's driving privileges are forfeited for life under section 16 of this chapter, IC 9-4-13-14 . . . , or IC 9-12-3-1 . . . ; . . . commits a Level 5 felony."

illegally, which led Trooper Risley to conduct a traffic stop. The traffic stop led to the discovery that Prince's driving privileges were revoked for life. Although absent of any brutality or violence, Prince's offense showed no regard for the law when she drove despite her clear knowledge that she was not to do so.

[11] Next, we examine Prince's character. When reviewing the character of the offender, we consider facts such as "substantial virtuous traits or persistent examples of good character[.]" *Moon,* 110 N.E.3d at 1162. In addition, "one relevant fact is the defendant's criminal history." *Denham v. State,* 142 N.E.3d 514, 517 (Ind. Ct. App. 2020) (quotations omitted). "'The significance of a criminal history in assessing a defendant's character and an appropriate sentence varies based on the gravity, nature, and number of prior offenses in relation to the current offense.'" *Id.* (quoting *Rutherford v. State,* 866 N.E.2d 867, 875 (Ind. Ct. App. 2007)). Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State,* 13 N.E.3d 440, 448 (Ind. Ct. App. 2014).

[12] Prince's criminal history does not reflect well upon her character and demonstrates that Prince continues to drive despite her knowledge that she is prohibited from doing so. Prince's criminal history, as outlined in the pre-sentence investigation report, includes convictions for the following: operating a vehicle without ever receiving a license, a Class C misdemeanor (convicted one

time in 2007, three times in 2008, one time in 2009);[5] failure to stop after an accident resulting in damage to an unattended vehicle, a Class B misdemeanor (2008); illegal possession of an alcoholic beverage, a Class C misdemeanor (2008); driving while suspended with a prior in ten years, a Class A misdemeanor (2009); operating a vehicle after being adjudged an habitual traffic offender, a Class D felony (2010); check deception, a Class A misdemeanor (2012); two counts of conspiracy to commit fraud on a financial institution, Class C felonies (2013); forgery, a Class C felony (2013); receiving stolen property, a Class D felony (2013); operating a vehicle after lifetime suspension, a Class C felony (2013); and possession of methamphetamine, a Level 6 felony (2019), while the instant case was pending. Prince's 2019 charge for escape, a Level 6 felony, was also pending at the time of Prince's sentencing. Prince also has several failures to appear included in her criminal history.[6] Prince has had three petitions to revoke probation found to be true, and two motions to commit Prince to the DOC or petitions to execute community corrections sentence in custody have been granted. Finally, Prince's admission in her plea agreement that she violated the terms of community corrections was the result of Prince absconding from community corrections. Prince has a long history of criminal behavior that reflects poorly on her character.

---

[5] For consistency, we use the offense's file date as the year of the offense.

[6] The exact details of the failures to appear are not described in the record.

[13] Prince argues her character "demonstrate[s] commitment" to addressing her substance abuse issues based on her application to in-patient and out-patient substance abuse treatment centers. Appellant's Br. p. 8. The trial court gave Prince another opportunity to address those issues through the recovery while incarcerated or the purposeful incarceration programs. As a result of Prince's successful completion of either program, as determined by DOC, the trial court will consider modification of Prince's sentence. Based on the record before us, we cannot find that Prince's sentence is inappropriate in light of the nature of the offense and her character.

## Conclusion

[14] Prince's sentence is not inappropriate. We affirm.

[15] Affirmed.

Riley, J., and Mathias, J., concur.