## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 28 2020, 8:19 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Peru, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samuel J. Dayton
Deputy Attorney General

Alexandria Sons
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert M. Rogers,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2020

Court of Appeals Case No.
20A-CR-455

Appeal from the Howard Superior Court

The Honorable Hans S. Pate, Judge

Trial Court Cause No.
34D04-1901-F4-110

**Bailey, Judge.**

# Case Summary

[1]     Robert M. Rogers ("Rogers") pled guilty to Possession of a Firearm by a Serious Violent Felon, a Level 4 felony.[1]  He was sentenced to twelve years imprisonment, with three years suspended.  He presents the sole issue of whether his sentence is inappropriate.  We affirm.

# Facts and Procedural History

[2]     On January 6, 2019, Kokomo Police Officers Andrew Grammer ("Officer Grammer") and Graham Dennis ("Officer Dennis") were on patrol together when they observed a vehicle make a turn without proper use of a turn signal.  Officer Grammer activated his lights and siren to initiate a vehicle stop.  As the officers followed behind the vehicle, they observed the passenger, later identified as Rogers, move about and reach toward the floorboard.  The pursued vehicle came to an abrupt stop, then Rogers exited and took off running.

[3]     The officers gave chase, and Officer Grammer deployed his Taser twice but it did not connect with Rogers.  Officer Grammer observed Rogers reach toward his waistband, remove his right hand from the waistband area, and turn his body back and to the left.  Concerned that Rogers was armed with a handgun, Officer Grammer decided to use deadly force.  He threw down the Taser and

---

[1] Ind. Code § 35-47-4-5(c).

drew his Glock 17 handgun. At that moment, Rogers fell. No shots were fired. Rogers jumped up and took off running again. He was later found hiding in a nearby shed. Officer Dennis returned to the area where Rogers had fallen and found a Smith & Wesson handgun with one live round of ammunition, together with a magazine with fourteen live 9 mm rounds.

[4] On January 11, 2019, Rogers was charged with Possession of a Firearm by a Serious Violent Felon, Possession of a Syringe, a Level 6 felony,[2] and Resisting Law Enforcement, as a Level 6 felony.[3] Rogers and the State reached a plea bargain whereby Rogers would plead guilty to the firearm possession count and his executed term of imprisonment in the Indiana Department of Correction ("the DOC") would be capped at nine years. On January 15, 2020, Rogers pled guilty to the firearm possession charge, stipulating to the accuracy of the facts stated in the probable cause affidavit.

[5] On February 14, 2020, the trial court sentenced Rogers to twelve years imprisonment and suspended three years to probation, such that Rogers's term of imprisonment in the DOC was capped at nine years. The trial court recommended to the DOC that Rogers be permitted to participate in the Purposeful Incarceration program, and specified in the sentencing order that

[2] I.C. § 16-42-19-18.

[3] I.C. § 35-44.1-3-1.

Rogers could, upon completion of that program, petition for a sentence modification. Rogers now appeals.

# Discussion and Decision

[6] Rogers contends that his sentence is inappropriate. He argues that his criminal activity stems from his history of substance abuse and his rehabilitation could be achieved in less than nine years in the DOC.

[7] Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by a trial court. *See, e.g., Sanders v. State*, 71 N.E.3d 839, 843 (Ind. Ct. App. 2017), *trans. denied*. This appellate authority is embodied in Indiana Appellate Rule 7(B). *Id.* Under 7(B), the appellant must demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. *Id.* (citing Ind. Appellate Rule 7(B)). In these instances, deference to the trial courts "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] The Indiana Supreme Court has explained that the principal role of appellate review is an attempt to leaven the outliers, "not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The question is not whether another sentence is more appropriate, but whether the

sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008).

[9]     A defendant convicted of a Level 4 felony is subject to a sentencing range of two to twelve years, with an advisory sentence of six years. I.C. § 35-50-2-5.5. Rogers received a twelve-year sentence, with three years suspended. Upon the review of sentence appropriateness under Appellate Rule 7, appellate courts may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant, including suspension. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10]    We first look to the nature of the offense. Rogers did not simply possess a weapon without risk of danger to others. Rather, he fled on foot while armed with a handgun with a live round inside. He appeared to be pointing the weapon directly at Officer Grammar, causing the officer to fear that Rogers was ready to fire upon him. The handgun was found abandoned with a magazine with an additional fourteen live rounds of ammunition.

[11]    Next, we consider the defendant's character. Rogers has an extensive criminal history beginning at age eighteen. He has eight felony and ten misdemeanor convictions. These include two firearm offenses and four batteries. Rogers has five probation violations and two violations of in-home detention conditions. One violation involved Rogers cutting off his ankle monitor after serving eighteen days in home detention. He was in home detention placement at the time he committed the instant offense.

Neither the evidence of the nature of the offense nor the evidence of Rogers's character militates toward a lesser sentence. In sum, Rogers has failed to persuade us that his sentence is inappropriate.

# Conclusion

The sentence imposed upon Rogers is not inappropriate.

Affirmed.

Vaidik, J., and Baker, Sr. J., concur.